**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF STAR EUBANKS, | : CIVIL NO: 1:13-CV-1741 |
| Plaintiff, | : |
| | : (Judge Caldwell) |
| v. | : |
| HARRISBURG POLICE DEPARTMENT, | : |
| | : (Magistrate Judge Schwab) |
| Defendant. | : |

# REPORT AND RECOMMENDATION

Before the Court is the plaintiff's amended complaint which is subject to a mandatory screening review. For the reasons that follow, it is recommended that the pleading be dismissed with prejudice for failure to state a claim.

## II.    Procedural History.

On June 25, 2013, Sandra Sharp ("Sandra"), on behalf of her daughter's estate, initiated this action by filing a complaint against the Harrisburg Police Department ("Harrisburg PD"). *Doc.* 1. Along with the complaint, plaintiff also filed a motion to proceed *in forma pauperis*. *Doc.* 2. In accord with 28 U.S.C. § 1915(e)(2)(B), the undersigned screened the complaint and, on July 18, 2013, we recommended that the plaintiff's *in forma pauperis* motion be granted but that the complaint be dismissed, without prejudice, for failure to state a claim. *Doc.* 4. While the undersigned's report and recommendation was pending review, the plaintiff filed an amended complaint.

*Doc.* 5. By filing an amended complaint, the undersigned's report and recommendation was rendered moot. *See Doc.* 6. Nevertheless, the plaintiff's motion to proceed *in forma pauperis* was granted. *Id.* The amended complaint is now before the Court for a second screening review.

## III. The *In Forma Pauperis* Statute - 28 U.S.C. § 1915.[1]

The Court has an on-going statutory obligation to review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*, in cases which seek redress against government officials. *See* 28 U.S.C. § 1915(e) (2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that ... the action ... fails to state a claim upon which relief may be granted."

---

[1] This statute is not restricted to prisoner lawsuits. *Powell v. Hoover*, 956 F.Supp. 564, 566-67 (M.D. Pa. 1997).

With respect to this benchmark standard for legal sufficiency of a complaint, the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir.2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*[, 556 U.S. 662],129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume

> their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Thus, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the Third Circuit has stated:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler*, 578 F.3d at 210–11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' *Iqbal*, 129 S.Ct. at 1947. Second, the Court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' *Id.* at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then

5

determine whether they plausibly give rise to an entitlement for relief.' *Id.*" *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.

Last, a complaint filed by a *pro se* litigant is to be liberally construed and held to a less stringent standard than formal complaints drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 10-4710, 2013 WL 57895 at *4 (3d Cir. Jan. 7, 2013).

Applying these standards, we find that the plaintiffs' complaint should be dismissed for failure to state a claim.

## III. Discussion.

Regarding whether the plaintiff's amended complaint properly states a claim upon which relief may be granted, and applying the standards, *supra*, for the legal sufficiency of a complaint, we are compelled to recommend that the plaintiff's complaint be dismissed.

The plaintiff's amended complaint is an 11 page, hand written, document that includes a disarray of allegations. *Doc*. 5. For example, on page one, the plaintiff states, without more: "Star [Eubanks, Sandra's daughter] was a disability." *Id.* Based on what was included in the complaint, we can only assume that the plaintiff intends on bringing a claim under the Americans with Disabilities Act ("ADA"). *See Doc.* 1-1. But, what is plead here remains insufficient under the ADA, because there is nothing in the amended complaint, even liberally construed, that demonstrates discrimination on the basis of a disability. *See* 42 U.S.C. § 12101(b).

We then turn to the second page of the amended complaint where it appears that the plaintiff complains about the fact that "an individual" has not been criminally charged "when [the individual] was identified by mug shots" *Doc.* 5 at 2. On that same page, the plaintiff then proceeds to ask two questions: (1) "There maybe was no evidence taken from the scene of the crime -- [sic] or was it[?]"; and (2) "Or would one be merely trying [to] cover up such a crime – [sic] or was it[?]". *Id.* Further, on

7

page three, plaintiff fails to include Odessa Sheppherd ("Sheppherd") as a defendant when referring to the parties involved in the lawsuit, despite listing Sheppherd in the caption. *See id.* at 1, 3.

Thereafter, on pages four thru six and eight thru nine, the plaintiff provides some factual allegations. In particular, the plaintiff alleges that Sandra and her daughter, Star Eubanks ("Star"), were in the street when Sheppherd, who also had her own daughter with her, approached them. *Doc.* 5 at 5. Following a verbal argument, the plaintiff alleges that a man starting punching Sandra. *Id.* Suddenly, however, someone called the police and both Sandra and Star walked away. *Id.* When the police arrived, no one remained in the area. *Id.* Though, once the police left, the plaintiff claims that Sheppherd and her daughter came out of an alley and starting stabbing Sandra and Star. *Id.* at 6. Following the attack, Star allegedly died, and Sandra was left severely injured. *Id.* at 8-9. Moreover, the plaintiff claims that someone called the police again, but the complaint does not allege what happened when the police came back or whether they returned at all. *See id.*

Even with these factual allegations, multiple problems with the amended complaint persist. First, the allegations sound in torts, and the plaintiff has not alleged diversity of citizenship with either Sheppherd or the Harrisburg PD. *See* 28 U.S.C. § 1332(a). Second, as mentioned *supra*, the plaintiff fails to raise a claim

8

against these defendants giving rise to our original jurisdiction - 28 U.S.C. § 1331, under the ADA. Third, even assuming that plaintiff is attempting to raise a civil rights claim against the Harrisburg PD, under 42 U.S.C. § 1983, plaintiff still fails to state a claim. As explicitly stated in our previous report and recommendation:

> [W]e note that a police department, such as the defendant in this matter, is not a proper institutional defendant in a § 1983 action, because it serves only as an administrative arm of a municipality, and it is the municipality through which any liability must flow to the police department. *Blackwell v. Middletown Borough of Police Dep't*, No. Civ. A. 1:12-CV-825 2012 WL 6012568, *4 (M.D. Pa. Nov. 16, 2012). Courts within the Third Circuit have consistently held that a police department is merely a sub-unit of the local government, is not a "person" for purposes of § 1983, and therefore is not a proper defendant in a § 1983 action. *DeBellis v. Kulp*, F. Supp. 2d 255, 264 (E.D. Pa. 2001); *see also Stukey v. York City Police Dep't*, No. Civ. A. 4: CV-05-2354, 2006 WL 58990, *1 (M.D. Pa. Jan. 9, 2006); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 1998); *Johnson v. City of Erie*, 834 F. Supp. 2d 873, 878-79 (W.D. Pa. 1993).
>
> Moreover, to the extent that the plaintiffs seek to hold the municipality liable (i.e. the City of Harrisburg) for any alleged civil rights violations, it is well-settled that local government entities may not be held liable for a civil rights violation under § 1983 for the acts of its employees or agents under a theory of *respondeat superior*. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To bring a *Monell* claim directly against a municipality under § 1983 for monetary, declaratory, or injunctive relief, a plaintiff must instead demonstrate that the implementation of the governmental body's policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers inflicted the plaintiff's injuries. *Monell*, 436 U.S. at 694.

*Doc.* 4 at 10-11.

Last, the plaintiff is "attempting to charge the defendants criminally." *Doc. 5* at 10-11. However, "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F.Supp. 1502, 1506 (W.D.Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 Fed. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). As "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), the plaintiff's claims wherein she attempts to file criminal charges must be dismissed. *See McClinton v. U.S. Xpress*, No. 3:08-CV-54-H, 2008 WL 710251, at *2, 3:08-CV-54-H (W.D.Ky. 2008). Plaintiff, however, is not without a remedy. Should the plaintiff wish to initiate a criminal complaint in state court, she can submit a criminal complaint to an attorney for the Commonwealth, pursuant to Rule 506 of the Pennsylvania Rules of Criminal Procedure.[2] Though, there is no option available in federal court.

---

2    Under Pa.R.Crim.P. Rule 506, the Commonwealth has the authority to approve or disapprove a private criminal complaint. Thus, merely filing the private criminal complaint does not guarantee that criminal charges will result.

Given everything we have discussed, there is simply no claim stated in the amended complaint. In addition, dismissal of this pleading is appropriate because it "[leaves] the defendants having to guess what of the many things discussed constituted [a cause of action];" *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), and it is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, No. 11-1276, 2011 WL 3346787 (Aug. 4 2011).

Finally, we believe that permitting the plaintiff another opportunity to amend would be futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). We have already given the plaintiff one opportunity to amend. Plaintiff, however, did not heed the advice provided by the Court when filing the amended complaint, and there is nothing that the plaintiff offers indicating that a claim may be brought here in federal court. The amended complaint, therefore, should be dismissed with prejudice.

## IV. <u>Recommendations.</u>

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that:

1) The plaintiff's amended complaint (*Doc.* 5) be **DISMISSED** with prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a

habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.
A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **21st** day of **August, 2013**.


*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge